**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MINGLONG LI,<br><br>　　　　　　　　Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>　　　　　　　　Respondent. | No. 14-70236<br><br>Agency No. A076-210-555<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 14, 2015[**]

Before:　　SILVERMAN, BYBEE and WATFORD, Circuit Judges.

　　　Minglong Li, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reconsider and reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denials of motions to reconsider and reopen. *Mohammed v.*

---

　　　[*]　　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

　　　[**]　　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We deny in part and dismiss in part the petition.

The BIA did not abuse its discretion in denying Li's motion as untimely, where he filed the motion more than a year after his final order of removal. *See* 8 C.F.R. § 1003.2(b)(2),(C)(2) (a motion to reconsider must be filed within 30 days of a final order of removal and a motion to reopen must be filed within 90 days of a final order of removal). Li does not challenge the BIA's determination that he failed to satisfy any exception to the motions deadline. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (a petitioner waives a contention by failing to raise it).

We lack jurisdiction to consider Li's unexhausted contention that the immigration judge failed to advise him about voluntary departure. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (the court lacks jurisdiction to consider legal claims not presented in an alien's administrative proceedings before the agency).

In light of this disposition, we do not reach Li's remaining contentions.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**